**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| 17 SCALLOP FISHERMEN, | : | CIVIL ACTION NO. 08-2264 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| CARLOS M. GUTIERREZ, in his official capacity as Secretary of Commerce, et al., | : | |
| Defendants. | : | |

**COOPER, District Judge**

Plaintiffs, former general category scallop permit holders, brought this action against Carlos M. Gutierrez, in his official capacity as Secretary of Commerce, the National Oceanic and Atmospheric Administration, and the National Marine Fisheries Service ("NMFS" and, collectively, "defendants"). (Dkt. entry no. 21, 2d Am. Compl. at 1.) Plaintiffs challenge a final rule issued by the NMFS on behalf of the Secretary of Commerce ("Secretary"), Fisheries of the Northeastern United States; Atlantic Sea Scallop Fishery; Amendment 11, 73 Fed. Reg. 20,090 (Apr. 14, 2008) (codified at 50 C.F.R. pt. 648) ("Amendment 11"). (Id. at 2.) Plaintiffs allege that Amendment 11 violates, inter alia, the United States Constitution, the Administrative Procedures Act, and the Magnuson-Stevens Fishery Conservation and Management Reauthorization Act of 2006 ("Magnuson-Stevens Act"), and seek declaratory and injunctive relief. (Id.) Plaintiffs

now move for a preliminary injunction allowing them to continue fishing during the pendency of this action, in contravention of Amendment 11.  (Dkt. entry no. 18, Mot. for Prelim. Inj.)  Defendants oppose the motion.  (Dkt. entry no. 19, Defs. Br.)

The Court has considered the papers submitted by the parties, and determines the motion on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b).  Accordingly, the Court hereby issues its findings of fact and conclusions of law in connection with plaintiffs' motion for a preliminary injunction, as required by Rule 52.  For the reasons stated herein, the Court will deny plaintiffs' motion for a preliminary injunction.

## BACKGROUND AND FACTUAL FINDINGS

The Magnuson-Stevens Act delegates authority to the NMFS and the Secretary to manage and conserve coastal fisheries.  (Defs. Br. at 3.)  The Magnuson-Stevens Act also creates Regional Fishery Management Councils ("Councils"), which prepare fishery management plans ("FMP") or FMP amendments and recommend implementing regulations for each fishery under their authority.  (Id. at 4-5.)  See 16 U.S.C. §§ 1852, 1854.  The Councils transmit the FMPs or amendments and proposed regulations to the Secretary for review.  (Defs. Br. at 5.)  See 16 U.S.C. § 1854.  After a public comment period, the Secretary, if appropriate, approves the FMP or amendment.  (Defs. Br. at 5.)  See 16 U.S.C.

§ 1854(a).  The Secretary publishes approved regulations in the Federal Register, and, after a public comment period, promulgates final regulations.  (Defs. Br. at 5.)  See 16 U.S.C. § 1854(b).

Amendment 11 is an amendment to the FMP for the Atlantic Sea Scallop Fishery ("fishery").  (Defs. Br. at 5.)  The New England Fishery Management Council adopted Amendment 11 in 2007, and a proposed rule for Amendment 11 was published in the Federal Register in December 2007 with a comment period ending in January 2008.  (Id. at 7.)  The NMFS, on behalf of the Secretary, approved Amendment 11 on February 27, 2008.  (Id.)  On April 14, 2008, the NMFS issued a rule implementing Amendment 11, which was published in the Federal Register.  (Id. at 5.)  See Amendment 11, 73 Fed. Reg. at 20,090.  Amendment 11 became effective July 1, 2008.  (Mot. for Prelim. Inj. at 3.)  See Fisheries of the Northeastern United States; Atlantic Sea Scallop Fishery; Amendment 11, 73 Fed. Reg. 23,386 (Apr. 30, 2008) (codified at 50 C.F.R. pt. 648).

Amendment 11 limits the fishermen eligible to participate in the fishery.  (See Defs. Br. at 7.)  See Amendment 11, 73 Fed. Reg. at 20,091.  Under Amendment 11's restrictions, some fishermen who were formerly allowed to participate in the fishery are no longer eligible to participate.  (See Defs. Br. at 2, 8.)  Amendment 11 requires that vessels be issued a limited access general category ("LAGC") scallop permit in order to land

scallops under general category rules.  (Id. at 7.)  See Amendment 11, 73 Fed. Reg. at 20,090.  All general category permits are limited access, requiring that a vessel owner submit an application demonstrating that the vessel is eligible for the permit.  (Defs. Br. at 7.)  See Amendment 11, 73 Fed. Reg. at 20,090.  There are three types of LAGC scallop permits: individual fishing quotas LAGC scallop permit ("IFQ scallop permit"); Northern Gulf of Maine LAGC scallop permit; and incidental catch LAGC scallop permit.  See Amendment 11, 73 Fed. Reg. at 20,090-91.  A vessel is eligible for an IFQ scallop permit if NMFS records verify that the vessel landed at least 1000 pounds of scallop meats in any fishing year between March 1, 2000, and November 1, 2004, and a general category scallop permit had been issued to the vessel during the fishing year in which the landings were made.  (Defs. Br. at 7.)  See Amendment 11, 73 Fed. Reg. at 20,091.  Vessel owners who cannot qualify for IFQ scallop permits can apply for the other types of LAGC scallop permits, which have different restrictions.  (Defs. Br. at 7-8.)  See Amendment 11, 73 Fed. Reg. at 20,091.

   Amendment 11 provides a process through which a vessel owner can administratively appeal denial of a LAGC scallop permit.  (See Defs. Br. at 8.)  See Amendment 11, 73 Fed. Reg. at 20,092.  A vessel owner who was denied an LAGC scallop permit can continue to fish for scallops under the applicable general category

scallop regulations, provided that the denial has been appealed, the appeal is pending, and the vessel has on board a letter from the NMFS authorizing the vessel to fish under the LAGC scallop permit category ("letter of authorization"). (Defs. Br. at 8.) See Amendment 11, 73 Fed. Reg. at 20,092. If the appeal is ultimately denied, the NMFS will send a notice of final denial to the vessel owner, and the letter of authorization becomes invalid. (See Defs. Br. at 8.) See Amendment 11, 73 Fed. Reg. at 20,092.

Plaintiffs obtained their general category scallop fishing permits after November 1, 2004, and are ineligible for LAGC scallop permits under Amendment 11. (Defs. Br. at 2, 8; see 2d Am. Compl. at 8.) Plaintiffs applied for and were denied LAGC scallop permits. (See Defs. Br. at 2, 8.) Plaintiffs appealed their permit denials, and were issued letters of authorization from the NMFS. (See id. at 2; Mot. for Prelim. Inj. at 3.) The letters of authorization have enabled plaintiffs to continue fishing during the pendency of their administrative appeals. (See Defs. Br. at 2; Mot. for Prelim. Inj. at 3.) Plaintiffs now seek a preliminary injunction that would extend the expiration dates of their letters of authorization and allow them to continue fishing until resolution of this action. (Mot. for Prelim. Inj. at 3.)

**CONCLUSIONS OF LAW**

Defendants argue that plaintiffs are not entitled to a preliminary injunction because preliminary injunctive relief is not available in actions, such as this one, challenging a regulation issued by the Secretary under the Magnuson-Stevens Act. (Defs. Br. at 9.) In response, plaintiffs argue that the Court has jurisdiction to grant a preliminary injunction. (Dkt. entry no. 20, Pls. Reply Br. at 3.) The Court finds preliminary injunctive relief is not available to plaintiffs in this action, and thus, the Court will deny the motion for preliminary injunction. The findings and conclusions set forth in this opinion are preliminary only, based upon the state of the record at this stage in the litigation. See Fed.R.Civ.P. 65(a). The parties have preserved all rights to present their disputes to a fact-finder if the action proceeds in this Court.

**I.   Applicable Legal Standards**

16 U.S.C. § ("Section") 1855(f) provides that the "[r]egulations promulgated by the Secretary under this chapter . . . shall be subject to judicial review to the extent authorized by, and in accordance with, chapter 7 of Title 5 . . . ; except that- (A) section 705 of such Title is not applicable." 16 U.S.C. § 1855(f)(1). 5 U.S.C. § 705 allows a reviewing court, under certain circumstances, to "issue all necessary and appropriate process to postpone the effective date of an agency

action or to preserve status or rights pending conclusion of the review proceedings."  5 U.S.C. § 705.  Thus, Section 1855(f)(1) prohibits a reviewing court from entering preliminary injunctive relief in an action challenging a regulation promulgated by the Secretary under the Magnuson-Stevens Act.  See 16 U.S.C. § 1855(f)(1); Turtle Island Restoration Network v. U.S. Dep't of Commerce, 438 F.3d 937, 944 (9th Cir. 2006); Kramer v. Mosbacher, 878 F.2d 134, 137 (4th Cir. 1989); Blue Water Fishermen's Ass'n v. Nat'l Marine Fisheries Serv., 158 F.Supp.2d 118, 121 (D. Mass. 2001); Connecticut v. Daley, 53 F.Supp.2d 147, 156 (D. Conn. 1999), aff'd, 204 F.3d 413 (2d Cir. 2000); Pac. Coast Fed'n of Fishermen's Ass'n, Inc. v. Sec'y of Commerce, 494 F.Supp. 626, 627-28, 634 (N.D. Cal. 1980).

**II.  Legal Standards Applied Here**

Defendants argue that plaintiffs' requested preliminary injunctive relief is barred by Section 1855(f)(1) since in this action plaintiffs challenge a regulation promulgated by the Secretary under the Magnuson-Stevens Act.  (Defs. Br. at 9-11.)  Plaintiffs assert that preliminary injunctive relief is available to them in this action.  (Pls. Reply Br. at 3.)  The Court finds that a preliminary injunction is not available to plaintiffs in this action.

Plaintiffs brought this action challenging Amendment 11 as unconstitutional and unlawful.  (2d Am. Compl. at 1-2.)

7

Plaintiffs ask this Court to issue a preliminary injunction maintaining the status quo under their letters of authorization, which, under Amendment 11, would otherwise expire with the denial of plaintiffs' administrative appeals.  (See Mot. for Prelim. Inj. at 3; Pls. Reply Br. at 4.)  See Amendment 11, 73 Fed. Reg. at 20,092.  The requested preliminary injunctive relief would allow plaintiffs to continue fishing after their administrative appeals concluded, in contravention of Amendment 11.  (See Mot. for Prelim. Inj. at 3; Defs. Br. at 1-2.)  Amendment 11, however, is a regulation issued by the Secretary pursuant to the Magnuson-Stevens Act.  (Defs. Br. at 9; see 2d Am. Compl. at 2, 6.)  See Amendment 11, 73 Fed. Reg. at 20,090 ("NMFS is implementing approved measures contained in Amendment 11 to the Atlantic Sea Scallop Fishery Management Plan (FMP), developed by the New England Fishery Management Council . . . .").  Thus, under Section 1855(f)(1), the Court lacks the power to issue preliminary injunctive relief in this action.  16 U.S.C. § 1855(f)(1); see also Turtle Island, 438 F.3d at 944; Kramer, 878 F.2d at 137-38; Blue Water Fishermen's Ass'n, 158 F.Supp.2d at 121; Daley, 53 F.Supp.2d at 156; Pac. Coast Fed'n, 494 F.Supp. at 627-28.

　　　Plaintiffs argue that Section 1855(f)(1)(B) gives the Court authority to issue a preliminary injunction.  (Pls. Reply Br. at 3-4.)  Section 1855(f)(1)(B) provides that a reviewing court

8

"shall only set aside any such regulation or action on a ground specified in section 706(2)(A), (B), (C), or (D) of such Title." 16 U.S.C. § 1855(f)(1)(B).  Thus, Section 1855(f)(1)(B) merely provides the grounds upon which a reviewing court can invalidate regulations promulgated by the Secretary.  See id.  It does not empower a reviewing court to issue preliminary injunctive relief. See id.; Turtle Island, 438 F.3d at 944 (stating that Section 1855(f)(1)(B) limits the grounds for relief, not the type of relief available); Pac. Coast Fed'n, 494 F.Supp. at 627 (recognizing that 5 U.S.C. § 706(2) lists the sole grounds upon which a reviewing court can invalidate the Secretary's regulations and emphasizing that a court's review is further limited by its inability to award preliminary relief).  Section 1855(f)(1)(B), therefore, does not give the Court power to issue a preliminary injunction in this action.

## CONCLUSION

The Court, for the reasons stated supra, will deny plaintiffs' motion for a preliminary injunction.  The Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated: February 13, 2009